

Priority ✓
Send ✓
Enter ✓
Closed ___
JS-5/JS-6 ___
JS-2/JS-3 ___
Scan Only ___

FILED
CLERK, U.S. DISTRICT COURT

AUG - 6 2001

CENTRAL DISTRICT OF CALIFORNIA
BY ___ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ENTERED
CLERK, U.S. DISTRICT COURT

AUG - 7 2001

CENTRAL DISTRICT OF CALIFORNIA
BY ___

ELLEN L. BATZEL,                    )   CV 00-9590 SVW (AJWx)
                                    )
              Plaintiff,            )   ORDER GRANTING REQUEST FOR ENTRY
                                    )   OF PARTIAL JUDGMENT PURSUANT TO
         v.                         )   RULE 54(b)
                                    )
ROBERT SMITH, et al.,               )
                                    )   THIS CONSTITUTES NOTICE OF ENTRY
              Defendants.           )   AS REQUIRED BY FRCP, RULE 77(d).
_____)

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

        Summary judgment was granted with respect to defendant Mosler

on March 21, 2001.  Mosler subsequently moved for partial judgment.

        A district court may enter partial judgment under Federal

Rule of Civil Procedure 54(b).  In order to enter a partial judgment,

the Court must have fully determined the rights and liabilies of

one or more parties must or one claim must have been fully decided.

Fed. R. Civ. Proc. 54(b).  This Court has determined that Mosler is

not liable on any of the causes of action in the complaint; appeal of

the judgment regarding this claim will not conflict with issues yet

to be decided in the district court.  See generally Morrison-Knudsen,

Inc. v. Archer, 655 F.2d 962,965 (9th Cir. 1981).

        The next question is whether or not there is just reason for

delay in entry of the judgment.  There is no precise test for making

this determination, but a district court should look to the

particular factors in the case that bear on the overall purpose of

Docketed ✓
Copies ___
JS-5 / JS-6
JS-2 / JS-3
CLSD

NTC Sent

Rule 54(b).  _See id._  Here the practical effect an appeals decision would have of simplifying the further district court proceedings is significant.  See _Alcan Aluminum Corp. v. Carlsberg Financial Corp._, 689 F.2d 815, 817 (9th Cir. 1982); _Curtiss-Wright Corp. v. General Electric Co._, 466 U.S. 1 (1980).

Defendant Cremers has already noticed the appeal of several of this Court's rulings.  Since the case must be stayed pending appeal, judicial economy is best served by entry of partial judgment with respect to Defendant Mosler and allowing any appeals on this Court's rulings concerning Mosler also to proceed at this time.

Accordingly, Mosler's request for partial judgment is GRANTED.  The Court hereby enters judgment in favor of Defendant Mosler.


IT IS SO ORDERED.


DATED:_____8/6/2001_____


STEPHEN V. WILSON

UNITED STATES DISTRICT JUDGE

2